Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
24654 N. Lake Pleasant Pkwy.
Suite 103-467
Peoria, AZ 85383

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Evelyn Finnel*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Evelyn Finnel,<br><br>            Plaintiff,<br><br>      v.<br><br>Cigna Companies Short-Term Disability Plan;<br>Life Insurance Company of North America,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN** |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves claims by Plaintiff for disability benefits under employee benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. Plaintiff is informed and believes and thereon alleges that the Cigna Companies Group Short Term Disability Plan (the "Plan") is an employee welfare benefit plan established and maintained by Cigna Companies and/or Cigna Corporation ("CIGNA"), to provide its

-1-

1  employees and those of its subsidiaries and affiliates, including Plaintiff, EVELYN
2  FINNNEL ("Plaintiff" and/or Ms. Finnel"), with income protection in the event of a
3  disability, self-insures the Plan and is the Plan Administrator for the Plan.

4      3. Plaintiff alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2)
5  in that at all relevant times, Plaintiff was a resident of Maricopa County, Arizona, an employee
6  of CIGNA, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7      4. Plaintiff further alleges upon information and belief that Defendant, LIFE
8  INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times
9  was, a corporation duly organized and existing under and by virtue of the laws of the State of
10 Pennsylvania, authorized to transact and transacting the business of insurance in this state,
11 and the Claims Administrator for the Plan.

12     5. Based upon information and belief, Plaintiff alleges that at all relevant times herein
13 Plaintiff was covered under group disability plan number SHF-0020074 that was issued by
14 the Plan to provide short-term disability benefits to the eligible participants and beneficiaries
15 of the Plan, including Plaintiff.

16     6. The subject Plan promised to pay Plaintiff weekly short-term disability benefits for a
17 specified period of time should Plaintiff become disabled. Therefore, the Plan both funds and
18 decides whether claimants will receive benefits under the Plan and as such suffers from a
19 structural conflict which requires additional skepticism.

20     7. Based upon information and belief, Plaintiff alleges that, according to the terms of the
21 Plan, if Plaintiff became disabled, the Plan promised to pay short-term disability benefits to
22 Plaintiff as follows:

23     •     Waiting Period: 7 days

24     •     Gross Disability Benefit: After you have been disabled for seven (7) calendar
25 days:

26

- - 0-2 years of service: Your benefit will equal 75% of your base salary up to 25 weeks.
  - 2 years of more of service: Your benefit will equal 100% of your base salary up to 6 weeks, then your benefit will equal 75% of your base salary up to 19 weeks.
- Definition of Covered Disability:
  - You are unable to perform the essential functions of your current or a similar role for at least seven consecutive calendar days;
  - You are unable to earn 80% or more of your base salary from working in your regular occupation in any seven consecutive calendar day period beginning on Sunday and ending on Saturday; and
  - Your physician provides objective medical evidence to support his or her assessment of your medical condition.

8. Prior to her disability under the terms of the Plan, Plaintiff, who had been employed with CIGNA, was working as a Business Analytics Associate Analyst.

9. On or about February 14, 2022, Plaintiff became disabled as defined by the terms of the Plan and timely submitted claims to Defendants for payment of disability benefits.

10. However, on or about April 14, 2022, Defendants unreasonably and unlawfully denied Plaintiff's short term disability claim.

11. On or about January 9, 2023, Plaintiff, through counsel, timely appealed Defendants' denial of her short-term disability claim.

12. As of the date of the filing of this Complaint, Plaintiff has not received a decision from Defendants regarding her appeal for benefits.

13. In denying Plaintiff's claim, Defendants unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's

board-certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Plan.

14. Additionally, Defendants knew, or should have known, that the documentation submitted to and/or obtained by Defendants clearly substantiated Plaintiff's disability and entitled her to benefits under the Plan.

15. To date, even though Plaintiff has been disabled, Defendants have not paid Plaintiff any disability benefits under the Plan. The unlawful nature of Defendants' decision to deny the claim is evidenced by, but not limited to, the following:

- Defendants engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed her file; failing to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and

- Defendants ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and

- Defendants ignored the opinions of Plaintiff's board-certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, Defendants' highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

16. Additionally, ERISA imposes higher-than-marketplace quality standards on plan administrators, claim administrators, and insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to

discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

17. As a direct and proximate result of Defendants' failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plan since on or about February 21, 2022.

18. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action and is entitled to have such fees and costs paid by Defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

19. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she met the Plan's definition of disability and consequently is entitled to all benefits from the Plan to which she might have been entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of her claim through the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about February 21, 2022, together with interest at the legal rate on each weekly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

2. An order determining Plaintiff is entitled to disability payments/benefits so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

DATED this 10th day of February, 2023.

SCOTT E. DAVIS. P.C.

By:  */s/ Scott E. Davis*
 Scott E. Davis
 Attorney for Plaintiff